NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ELENA VASQUEZ, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ; JOSE DE JESUS RAMOS, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SAN JOSE, a municipal corporation; et al., <br><br> Defendants-Appellees. | No. 22-16691 <br><br> D.C. No. 5:19-cv-08441-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 10, 2024[**]
San Francisco, California

Before: SILER,[***] CLIFTON, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Family members of decedent, Jennifer Vasquez, appeal the district court's dismissal of their Fourth Amendment and state law claims against the City of San Jose. The district court granted the City's motion for summary judgment on Appellants' Fourth Amendment claim, holding that police officers' use of lethal force against Vasquez was constitutionally reasonable and shielded from liability via the qualified immunity doctrine. It also dismissed Appellants' pendent state law claim, declining to exercise discretionary supplemental jurisdiction. Because we assume the parties' familiarity with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.      Qualified immunity protects officers sued under 42 U.S.C. § 1983 from suit "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quotations omitted). We exercise our discretion to decide only whether the alleged unlawfulness of the officers' conduct was clearly established at the time of the use of force,[1] *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014), and conclude that it was not.

---

[1] To the extent the parties cite to cases decided after December 25, 2018, the date of the relevant conduct, *see, e.g.*, *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Monzon v. City of Murrieta*, 978 F.3d 1150 (9th Cir. 2020), we do not consider them as relevant to the analysis of the "clearly established" prong of the qualified immunity test. *See Columbia*, 583 U.S. at 62–63.

In *Plumhoff*, the Supreme Court held that officers acted reasonably in using deadly force where, after a high-speed chase, the escapee's car hit a police cruiser and his "tires started spinning . . . indicating that [he] was using the accelerator even though his bumper was flush against a police cruiser." *Id*. at 770. The Court held that the record "conclusively disprove[d] respondent's claim that the chase . . . was already over when petitioners began shooting" because the driver was "obviously pushing down on the accelerator." *Id*. at 776–77.

The same is true in the present case, where the video evidence conclusively establishes that even if the signpost and the cruiser prevented Vasquez's immediate escape, "a reasonable police officer could have concluded that [she] was intent on resuming [her] flight and that, if [she] was allowed to do so, [she] would once again pose a deadly threat for others on the road." *See id.* at 777.[2] Given the close similarities between *Plumhoff* and the instant case, the illegality of the officers' conduct here could not have been "clearly established." *See also Wilkinson v. Torres*, 610 F.3d 546, 551–52 (9th Cir. 2010) (holding the officers' use of force was reasonable where, despite driving at a slow speed, the driver ignored police commands and attempted to accelerate within close quarters of officers and where the vehicle "could have gained traction at any time").

---

[2] The panel grants the parties' separate motions to include five video files and one audio file in the record.

None of Appellants' proffered cases suggest otherwise. *See, e.g.*, *Adams v. Speers*, 473 F.3d 989, 993 (9th Cir. 2007) (holding that officer was not entitled to qualified immunity where he acted "on a mission of his own creation, abandoning his assignment . . . for no apparent reason except the excitement of the chase"); *Acosta v. City and Cnty. of San Francico*, 83 F.3d 1143, 1144 (9th Cir. 1996) *as amended* (June 18, 1996), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001) (holding that officer was not entitled to qualified immunity in a case which involved no car chase and officers had no reason to believe decedent was armed). At the very least, those cases put the officers' conduct here in the "hazy border" between excessive and constitutional force, entitling the officers to qualified immunity. *Saucier*, 533 U.S. at 206.

2.     Because Appellants only ask us to reinstate their pendent state claims if we reverse as to qualified immunity, we decline to do so.

**AFFIRMED.**